Cowin, J.
BACKGROUND
This case was essentially a claim for sexual orientation discrimination in violation of G.L.c. 151B. The plaintiff, a former employee of Carney Hospital Corporation (Carney or the Hospital), claimed that perceived sexual orientation discrimination resulted in his wrongful discharge from the Hospital. Plaintiffs claims were submitted to the jury on two theories: discrimination and intentional interference with advantageous relations.[1] A jury verdict was returned against the Hospital on plaintiffs claim for sexual orientation discrimination and against defendants Gada, Natwin, Walsh and Duro for adding and abetting discrimination and against Walsh and Duro for intentional interference with advantageous relations.
The jury awarded plaintiff $625,000 in compensatory damages and a total of $650,000 in punitive damages. The punitive damages award consisted of $625,000 against the Hospital; $5,000 against defendant Gada; $5,000 against defendant Natwin; and $7,500 each against defendants Walsh and Duro. Plaintiff now seeks attorneys fees and costs.
Plaintiff has a written contingent fee agreement with counsel providing for a 45 percent contingent fee. He seeks a fee award in the amount of the full contingent fee.[2] Alternatively, plaintiff requests that the Court enhance the amount obtained by the lodestar calculation (time reasonably spent multiplied by reasonable rate). See Fontaine v. Ebtec Corp., 415 Mass. 309 (1993). Plaintiff also seeks to recover his costs. Defendant objects to a contingent fee award and further asserts deficiencies in the plaintiffs lodestar calculations.
DISCUSSION
A successful employment discrimination plaintiff is to be awarded attorneys fees absent unusual circumstances. See G.L.c. 15 IB, §9. The cases in this area suggest that a contingent fee is not awardable in cases of this nature and I decline to award such a fee. See Fontaine v. Ebtec Corp., supra at 324. See also Lipsett v. Blanco, 975 F.2d 934 (1st Cir. 1992). Rather, I will adopt the “basic measure” for assessing attorneys fees, the so-called lodestar method, whereby each attorney’s time reasonably extended on the matter is multiplied by the attorney’s reasonable hourly rate. Fontaine v. Ebtec, supra at 324.
The plaintiff seeks $315,920.00 pursuant to the lodestar method. In order to comply with the mandate of assessing a reasonable fee, this amount must be reduced for the reasons set forth below. The reduction is a recognition that the award of fees is imposed upon plaintiffs adversary and that the recovery must be for the reasonable value of the reasonably necessary services, that is, what was reasonably required to produce the result in the circumstances.
I recognize that the result was an extremely successful one and that the facts and the law involved were both complex.[3] Nevertheless, the time devoted to this case by plaintiffs attorneys was not reasonable. Of the $315,920.00 sought pursuant to the lodestar method, the vast majority, $238,520.00, is for the work of lead counsel, Daniel Driscoll. As to his hourly rate, based upon his affidavit, a charge of $175.00 per hour is reasonable. Regarding the number of hours, Mr. Driscoll spent a total of 1193.1 hours on the case: 510 hours in the discovery phase (February 7, 1996-September 28, 1996); 410.8 hours in the trial preparation period (September 30, 1996-December 9, 1996); 265.8 hours during the trial (December 10, 1996-December 30, 1996) and 6.5 hours preparing the fee petition.
Discovery in this case was extremely limited. Mr. Driscoll did not take any depositions and he defended only one, that of the plaintiff. Although there was written discovery, no more than one set of interrogatories, document requests and requests for admissions. was propounded for each party. Many of the discovery requests by plaintiff were only one or two pages in length and several such requests directed to different defendants were identical or nearly so. Plaintiff filed a motion to compel, but it was not a lengthy one. No summary judgment motions were filed. Thus, I am reducing the 510 hours in the discovery phase to 400 hours. Similarly, the 410.8 hours of trial preparation is excessive, even for a complex three-week trial in which plaintiff called seventeen witnesses and introduced nearly one hundred documents. These 410.8 hours are therefore reduced to 300 hours. The expenditure of sixteen hours a day nearly every day during the trial is also not reasonable. Accordingly, I am reducing the 265.8 hours during the trial to 220 hours (to reflect no more than 14 hours per day). The total hours for Daniel Driscoll is thus 926.5 (including the 6.5 hours for the fee petition). Multiplying the reduced number of hours (926.5) by the reduced rate ($175.00) yields a total of $162,137.50.
The fees requested for Mr. Francis Driscoll are $59,300.00 (296.5 hours at $200 per hour). I find that his requested rate should also be reduced to $175.00 an hour. The number of hours Mr. Francis Driscoll spent working on this case is not reasonable given the nature of the work performed; the difficulty of said work; the possible duplication of effort among attorneys; the result achieved and the fact that I am permitting Mr. Daniel Driscoll to be compensated by the adversary party for 926.5 hours of work on the same case. I am therefore reducing Mr. Francis Driscoll’s hours by approximately one-quarter, from 296.5 to 225. Multiplying Mr. Francis Driscoll’s reduced number of hours (225) times the reduced rate ($175.00) equals $39,375.00.
Brian Leary seeks $15,345.00 in fees. His affidavit explains his time and the hours he expended may well *583 have benefited plaintiffs case. The issue, however, is whether the time spent on the case was reasonable, regardless of how many attorneys worked on it. That is, how the work was divided is not relevant; rather, the key is the total hours spent. The time of these three men on this case cannot be imposed on the adversary parly. Certainly, it is not reasonably necessary to have three attorneys attend each day of trial. Accordingly, Mr. Leary’s time is reduced by four hours per day (the approximate length of the trial day) for each day of trial for which he billed (a total reduction of 44 hours).[4] Thus, Mr. Leary will be compensated for 49 hours, rather than the 93 hours he seeks. Further, his hourly charge will be reduced from $165.00 to $150.00. This totals $7350.00.
Plaintiff seeks $2,755.00 of fees that he expended in meeting with other attorneys. This is not the type of expense contemplated by a statutory fee award, however, and plaintiff may not recover these.
The amounts allowed for fees total $208,862.50.
Having determined the lodestar calculation, no authority forbids enhancement of this amount. The Supreme Judicial Court has stated that enhancement of the fee is not warranted in a “simple” discrimination case. See Fontaine v. Ebtec Corp., supra at 326. The present case was not a “simple” discrimination case in terms of the risk assumed by the attorneys, the respectability in the community of the defendant, the length of the trial and the difficult legal and factual issues involved. Indeed, in this case, enhancement is logical. The basic lodestar calculation does not take into consideration plaintiffs difficulty in obtaining representation; the legal and factual complexity of the case;[5] the unpopularity of plaintiffs cause because of traditional homophobia; problems inherent in suing a respected Boston charitable institution; the strength of the Catholic Church; and the risk that the entire effort would be for naught (the risk of nonpayment).[6] In addition, plaintiffs attorneys demonstrated imagination and perseverance in pursuing their goal. Applying the standards set forth in the Fontaine case that are to be used in determining fee awards, I find that a twenty percent enhancement is appropriate. Twenty percent of $208,862.50 is $41,772.50. The total fee award is thus $208,862.50 plus $41,772.50 or $250,635.00.
The costs in Exhibit G to Daniel Driscoll’s affidavit in support of plaintiffs motion for fees and costs, as further amplified by the third affidavit of Daniel Driscoll, are reasonable and are awarded in the sum of $18,301.00.
ORDER
For all the foregoing reasons, fees of $250,635.00 are awarded, plus costs of $18,301.00.

 The plaintiffs amended complaint originally asserted five separate causes of action: the two above-named claims and claims for civil conspiracy, wrongful discharge in violation of public policy and defamation.

 Plaintiff has filed a written contingent fee agreement with counsel in conformity with S.J.C. Rule 3:05(4). Based upon plaintiffs affidavit, I find that plaintiff could not have afforded to commence this case and pay an attorney on an hourly rate basis. In addition, plaintiff, by affidavit, has indicated that he consulted with six other attorneys with experience in employment discrimination litigation and was unable to obtain representation until the present attorney accepted the matter.

 Seventeen witnesses testified and numerous novel legal issues were argued. Indeed, the law on liability itself was unsettled at the time of trial.

 There is no evidence that his presence at trial was necessary in addition to that of the other two attorneys.

 While the lodestar method to a certain extent does incorporate the legal and factual complexity of the case (because of the additional preparation time required), it does not encompass the skill, imagination and perseverance that were necessary to achieve the result in this case.

 Further, recovery against the employer was potentially limited and the individual defendants were unlikely to have “deep pockets.”